UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHENARD TYVON WELLS, | ) | |
| | ) | CIVIL ACTION NO. |
| Petitioner, | ) | |
| | ) | 3:07-CV-1152-G |
| VS. | ) | |
| | ) | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | ) | 3:99-CR-112(02)-G |
| | ) | **ECF** |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

After conducting a review of the pleadings, files and records in this case, the findings and recommendation of the United States Magistrate Judge, and the objections filed by the petitioner, Shenard Tyvon Wells ("the petitioner" or "Wells"), this court is of the opinion that the findings and recommendation of the Magistrate Judge are correct. Even so, for the sake of clarification, the court responds to the petitioner's objections.

Wells has filed a motion pursuant to Rule 60(b) to set aside the judgment in his previous habeas case, No. 3:02-CV-1831-G. In his objections, Wells explains that he hired an attorney, Thomas Robert Cox, III ("Cox"), to represent him in his prior

habeas petition but that Cox did not do the work for which he had been hired. *See* Affidavit at 1-2 (*attached to* Movant's Objections to Magistrate's Recommendation ("Objections")). Indeed, the petitioner states that Cox failed to file his habeas petition before the deadline and, in order to preserve his right to file for relief under Section 2255, Wells drafted a "pro-se Letter Motion," which he filed with the court. *Id.* at 2. In response to his "Letter Motion," the petitioner received a Notice of Deficiency from the court. *Id.* This Notice gave Wells twenty days to file his motion properly. *See* Case No. 3:99-CR-112(02)-G, Docket Entry # 363. Wells then worked with a jail house attorney to prepare his motion, and sent the motion to Cox for review before it was filed. Affidavit at 2-3. Wells alleges that Cox did not review or edit the motion, but simply forwarded it to the court for filing. *Id.* at 3.

As a consequence of Cox's dereliction of duty, Wells filed a complaint against him with the State Bar of Texas. *See* Exhibit E (*attached to* Objections). The State Bar investigated the allegations and, on March 25, 2004, informed Wells that just cause existed to believe that Cox had committed professional misconduct. Exhibit F (*attached to* Objections). Furthermore, a review of Cox's public disciplinary history from the State Bar reveals that he received a public reprimand on January 27, 2005 and a fully probated suspension on January 18, 2006. However, it is unclear whether either -- or both -- of these disciplinary actions were related to his conduct regarding Wells's habeas petition.

Wells contends that the question before this court is "[w]hether the failure of retained counsel to file a section 2255 motion constitutes 'extraordinary circumstances.'" Objections at 1-2. However, "a convicted defendant has no Sixth Amendment right to counsel in post-conviction habeas proceedings." *Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995), *cert. denied*, 516 U.S. 1120 (1996). Thus, the question before this court is limited to whether the substantive affect of Cox's dereliction of duty on the petitioner constitutes such "extraordinary circumstances" that the judgment in Wells's previous habeas proceeding should be set aside. This is a very different question from the procedural issue of whether Cox's actions themselves were extraordinary.

The petitioner's failure to identify this distinction between procedural and substantive issues is evident in his objections to the magistrate's findings. For example, Wells relies on *Baldayaque v. United States*, 338 F.3d 145 (2nd Cir. 2003), for the proposition that his attorney's conduct constituted an extraordinary circumstance. In *Baldayaque*, the Second Circuit found that an attorney's failure to (1) conduct legal research before concluding it was too late for his client to file a Section 2255 petition, (2) discuss the petition with his client, and (3) file the habeas petition before the statute of limitations, constituted extraordinary conduct. *Id.* at 152. Thus, the court faced a procedural problem -- the attorney's failure to conduct research, meet with his client, and file the petition -- and addressed it with a

procedural solution -- equitably tolling the statute of limitations so that the petitioner was allowed to file a timely motion under Section 2255.

This court, however, is faced with evidence of a procedural problem -- Cox's conduct -- together with a request for a *substantive* solution -- vacating a judgment on the merits of Wells's prior habeas petition. To obtain such relief, Wells would have to show that he suffered such a level of prejudice from his attorney's conduct that it would constitute extraordinary circumstances for vacating the judgment. See *Harris v. United States*, 367 F.3d 74, 77 (2nd Cir. 2004). As the *Harris* court stated, "To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case *and prevented the client from being heard*." *Id.* (emphasis added). Wells has not met this burden.

The petitioner explains that he took the initiative to write a "Letter Motion" to the court to meet the time deadline to file his habeas petition. Affidavit at 2. He then drafted a motion asserting five bases for habeas relief, and his attorney filed that motion with the court. *Id.* at 2-3; *see also* Case No. 3:99-CR-112-G, Docket Entry # 374. Although Wells was faced with a set of procedurally extraordinary circumstances, he ensured that he suffered no procedural injury. Instead, a complete motion was presented to the court, and the court fully considered the motion before rendering a decision on the merits of Wells's petition. *See* Case No. 3:99-CR-112-G, Docket Entry # 374. Because Wells had no right to be represented by counsel in his

petition for habeas relief and because the motion he drafted was fully considered by the court, Wells suffered neither procedural nor substantive prejudice as a result of Cox's conduct.

With the above clarification, the findings and recommendation are hereby **ACCEPTED** as the findings of this court. The clerk of court is instructed to **ADMINISTRATIVELY CLOSE** Case No. **3:07-CV-1152-G** and to docket the petitioner's pleading as a Rule 60(b) motion in the underlying criminal action, No. 3:99-CR-112(02)-G, and in his prior Section 2255 case, No. 3:02-CV-1831-G.

**SO ORDERED**.

July 27, 2007.

A. JOE FISH
CHIEF JUDGE